**YM**

**FILED**
**MARCH 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1411**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546<br>Plaintiff,<br><br>vs.<br><br>ILLINOIS AMERICAN WATER COMPANY<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JUDGE CONLON**
**MAGISTRATE JUDGE VALDEZ**

**APPLICATION TO CONFIRM AN ARBITRATOR'S AWARD**

The United Food and Commercial Workers Local 1546 ("Union"), by its undersigned counsel, and pursuant to sections 6 and 9 of the Federal Arbitration Act (9 U.S.C. §§ 6 and 9) hereby applies for an order to confirm and enforce an award issued in Chicago, Illinois on February 21, 2008 by Arbitrator Martin H. Malin ("Arbitrator") in the matter of the Union and Illinois-American Water Company ("Employer"), in AAA case no. 51 300 00214 07.  A copy of the Arbitrator's Opinion and Award is attached hereto as Exhibit 1.  In support of this application the Union says:

1.  The court has jurisdiction pursuant to section 301 (a) of the National Labor Relation Act (29 U.S.C. §185 (a)) and the Federal Arbitration Act (9 U.S.C. §1 et seq.), particularly section 9 thereof ("…in and for the district within which such award was made.")

2.  The Union and the Company are parties to a collective bargaining agreement having a term of May 11, 2006 through April 30, 2009 ("Agreement").  The agreement provides that complaints, disputes or claims arising under and during the term of the Agreement may be taken up between the parties as

grievances. In the event the parties fail to resolve any grievance they may appoint an arbitrator to hear and render a "final and binding" decision.

3. The parties chose the Arbitrator and put before him grievances over the Employer's discipline of its employees Dan Leppert, Ken Nelson and Glenn Williams, and the subsequent discharge of Glenn Williams.[1] The Union and the Employer also stipulated, "…that all conditions preceding this arbitration have either been met or waived, and this matter is properly before the Arbitrator for decision". See: Exhibit 2, pp. 89-90.

4. The hearing before the Arbitrator was held on November 20, 2007 in Woodridge, Illinois. Exhibit 1, p.1. The Arbitrator ordered, *inter alia*, "The Company shall reinstate Mr. (Glenn) Williams to his former position and make him whole for all compensation lost as a result of his discharge (minus a certain offset described in the opinion and award)". Exhibit 1, p. 19, ¶¶ 4 and 5.

5. On information and belief, during discussions between the parties to arrange for compliance with the Award, the Employer representative indicated that the Employer intends to comply with the Award with respect to employees Dan Leppert and Ken Nelson, but will not comply with the Award with respect to Glenn Williams.

6. The governing principles in this area are well settled. In *Butler Manufacturing Company* v. *United Steelworkers of America, etc.*, 336 F.3d 629 (7th Cir. 2003), the court said:

---

[1] At the hearing the parties entered into stipulations of issues to be decided by the Arbitrator. An extract of the transcript wherein these stipulations were made is attached hereto as Exhibit 2. See also: Exhibit 1, pp.1-2.

2

(Page 629) Agreements to arbitrate disputes have been a commpn feature of collective bargaining agreements for quite some time. They are entitled to a hospitable reception in the courts, so that they can play their role of reducing industrial strife and maintaining a harmonious workplace.

* * *

(Page 632) A court's role in reviewing an arbitral award is quite limited. Apart from the general reasons for setting aside any arbitral award found in the Federal Arbitration Act, 9 U.S.C. §10, the court may consider only whether an arbitrator exceeded the scope of the authority conferred upon her by the parties' actions and agreements. With few exceptions, as long as the arbitrator does not exceed this delegated authority, her award will be enforced. This is true even if the arbitrator's award contains a serious error of law or facts. Otherwise, as we have pointed out in the past, arbitration would just be the first of a series of steps that always culminated in court litigation and it would lose the raison d'ĕtre. (internal citations omitted.)

Wherefore, the Union prays for an order:

1. To confirm and enforce the Arbitrator's Award; and

2. For such other relief as the court may deem just and proper.

                        Respectfully submitted,

                        /s/Charles Orlove

                        One of Plaintiffs Attorneys

Charles Orlove
Jacobs, Burns, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603-6145
Phone: 312.3227-3426
Facsimile: 312.580-7175
E-Mail: corlove@jbosh.com

## CERTIFICATE OF SERVICE

I, Charles Orlove, an attorney, certify that I caused the foregoing **APPLICATION TO CONFIRM AN ARBITRATOR'S AWARD** to be served this 10th day of March, 2008 by next day express delivery to:

>Terry L. Potter
>Blackwell, Sanders, Peper, Martin, LLP
>720 Olive Street- Suite 2400
>St. Louis, Missouri 63101
>Counsel appearing for the Employer
>
>Illinois-American Water Company
>1000 International Parkway
>Woodridge, Illinois

>     /s/Charles Orlove
>Charles Orlove

Charles Orlove
Jacobs, Burns, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603-6145
Phone: 312.3227-3426
Facsimile: 312.580-7175
E-Mail: corlove@jbosh.com