AMERICAN ARBITRATION ASSOCIATION

IN THE MATTER OF THE ARBITRATION BETWEEN

UFCW LOCAL 1546,

and

ILLINOIS AMERICAN WATER COMPANY.

No. 51 300 0021407

- - - - - - - - - - - - - - - - -

Taken on November 20, 2007

- - - - - - - - - - - - - - - - -

Original File A:\ufcw112007.txt

Pages 83 - 352

Word Index included

MAYLEEN MENDELSON
CERTIFIED COURT REPORTER
ROMAY CORP.

120 West Madison Street, Suite 14M　　　2738 West Fitch Avenue
Chicago, Illinois 60602　　　　　　　　　Chicago, Illinois 60645
(773) 761-0449　FAX (773) 761-6155

Page 88

1  steward, Chris Martens, who is not in the room,
2  but he's in the building doing other things.
3  And he's also a union steward. And Wayne
4  Clavio, who is an officer of Local 1546.
5      ARBITRATOR MALIN: Thank you.
6      MR. POTTER: Just so the record is
7  clear, apparently I've been advised I misspoke.
8  I said John Phillips, who is actually a partner
9  of mine in the firm. He's not here. But Steve
10 Phillips is.
11     ARBITRATOR MALIN: Thank you for that
12 correction.
13         The record should reflect in an
14 off-the-record discussion among counsel and the
15 Arbitrator that counsel have tendered four
16 additional joint exhibits. Joint Exhibit
17 Number 4 being a charge dated January 18th,
18 2007 filed by the company against the union
19 with the National Labor Relations Board. Joint
20 Exhibit 5, a letter from the National Labor
21 Relations Board regional director Joseph Barker
22 to Mr. Orlove and Ms. Elzemeyer,
23 E-L-Z-E-M-E-Y-E-R, corporate counsel for the
24 company, deferring that charge which now gets

Page 89

1  the number of 13-CB-18585 deferring that matter
2  to arbitration.
3          Joint Exhibit 6 being National
4  Labor Relations Board Charge 13-CA-44221, a
5  charge filed by the union against the company
6  dated August 20th, 2007. And Joint Exhibit 7,
7  a letter from Mr. Barker to Mr. Potter and
8  Mr. Orlove deferring that charge to
9  arbitration.
10         For the record, counsel, do you
11 concur with the admission of those joint
12 exhibits?
13     MR. ORLOVE: For the union, yes.
14     MR. POTTER: And for the employer,
15 yes.
16     ARBITRATOR MALIN: Joint Exhibits 4,
17 5, 6, and 7 are admitted.
18         (Joint Exhibit Nos. 4, 5, 6, 7
19         received.)
20     ARBITRATOR MALIN: Counsel, I
21 understand you also have some stipulations you
22 wish to enter at this time.
23     MR. ORLOVE: Yes. Mr. Potter and I
24 have agreed and I propose for stipulation that

Page 90

1  all conditions preceding this arbitration have
2  either been met or waived, and this matter is
3  properly before the Arbitrator for decision.
4  Perhaps I can stop here and we can take each
5  one separately.
6      ARBITRATOR MALIN: Mr. Potter, for the
7  record, do you concur with that?
8      MR. POTTER: So stipulated.
9      ARBITRATOR MALIN: Thank you. That
10 stipulation is received.
11     MR. ORLOVE: We also agree that the
12 Arbitrator may retain jurisdiction to determine
13 any issues which may arise over the
14 implementation of the remedy, including the
15 calculation of backpay, if any, after the
16 parties have exhausted good-faith efforts to
17 resolve same.
18     ARBITRATOR MALIN: Mr. Potter?
19     MR. POTTER: So stipulated.
20     ARBITRATOR MALIN: That stipulation is
21 received.
22     MR. ORLOVE: I propose for the issues
23 three of them. The first two, I believe,
24 are -- we are in agreement. Whether the

Page 91

1  company had cause, and I'll just mention cause
2  is the word used in Section 2.1 of the
3  contract. Whether the company had cause to
4  discipline employees Dan Leppert, Ken Nelson,
5  and Glenn Williams in November 2006.
6      MR. POTTER: So stipulated.
7      MR. ORLOVE: And the thought just
8  occurred to me, but perhaps we could clear it
9  up as the case goes along.
10         Mr. Williams was given a reduction
11 in pay in October, among other acts of
12 discipline. So I would like to make it clear
13 that that issue will include discipline given
14 to Mr. Williams in October --
15     MR. POTTER: Sure.
16     MR. ORLOVE: -- as well as November.
17     MR. POTTER: It would be the whole
18 ball of wax, so to speak. We had a number of
19 items. We had the actual suspensions, we had
20 the restitution element for two of them, and we
21 had the change in pay status.
22     MR. ORLOVE: Okay. Thank you. So
23 would you want to amend this statement of the
24 issue from November 2006 to in October and