UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 | ) CASE No. 08 C 1411 |
| | ) |
| | ) Judge Conlon |
| Plaintiff, | ) Magistrate Judge Valdez |
| | ) |
| v. | ) |
| | ) |
| ILLINOIS AMERICAN WATER COMPANY | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ILLINOIS AMERICAN WATER COMPANY'S ANSWER
TO PLAINTIFF'S APPLICATION TO CONFIRM AN ARBITRATOR'S AWARD**

Comes now Defendant, Illinois-American Water Company ("Illinois American Water")[1], by and through the undersigned attorney, and hereby submits its Answer to Plaintiff's Application to Confirm an Arbitrator's Award:

1.  Illinois American Water admits jurisdiction is proper pursuant to Section 301(a) of the National Labor Relations Act but denies that this Court has jurisdiction over this matter pursuant to the Federal Arbitration Act. Illinois American Water denies each and every remaining allegation contained within Paragraph 1 of Plaintiff's Application.

2.  Illinois American Water admits the parties are subject to a collective bargaining agreement which includes an article entitled Grievances and Arbitration setting forth specific procedures for dispute resolution. Illinois American Water admits that the collective bargaining agreement provides, in the event of arbitration, that the decision of the arbitrator shall be final and binding upon the Company and the Union, provided, however, that the arbitrator shall have

---

[1] The caption in Plaintiff's Application to Confirm an Arbitrator's Award improperly identifies Defendant's legal name. The correct legal name for Defendant is Illinois-American Water Company.

no right to add to or detract from, or modify any of the provisions of the agreement. Illinois American Water specifically denies each and every remaining allegation contained within Paragraph 2 of Plaintiff's Application.

3.  Illinois American Water admits the allegations contained within Paragraph 3 of Plaintiff's Application.

4.  Illinois American Water admits the allegations contained in Paragraph 4 of Plaintiff's Application.

5.  Illinois American Water admits it plans to file a counterclaim in this action to vacate the arbitrator's award with respect to his reinstatement of Glenn Williams. Illinois American Water denies each and every remaining allegation contained within Paragraph 5 of Plaintiff's Application.

6.  Illinois American Water admits Plaintiff has correctly quoted *Butler Manufacturing Company v. United Steelworkers of America, etc*, but denies the Arbitrator's ruling should be confirmed and specifically denies each and every remaining allegation contained within Paragraph 6 of Plaintiff's Application.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Application fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction of this matter under the Federal Arbitration Act, and therefore, confirmation pursuant to the Federal Arbitration Act is improper.

## THIRD AFFIRMATIVE DEFENSE

Confirmation of the Award is improper because the Award does not draw its essence from the parties' Agreement.

## FOURTH AFFIRMATIVE DEFENSE

Confirmation of the Award is improper because the Arbitrator exceeded the scope of his authority and jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

Confirmation of the Award is improper because the Award is internally contradictory to the factual findings of the Arbitrator and contradicts the testimonial and documentary evidence presented at hearing.

## SIXTH AFFIRMATIVE DEFENSE

Confirmation of the Award is improper because the Arbitrator imposed new obligations on Defendant which were not required under the terms of the document he interpreted.

## SEVENTH AFFIRMATIVE DEFENSE

Because the Federal Arbitration Act does not confer jurisdiction over this matter, service of process to Defendant was insufficient.

WHEREFORE, Illinois American Water requests this Court deny Plaintiff's Application to Confirm an Arbitrator's Award and for such further relief as this Court deems just and proper.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

/s/ Terry L. Potter
Terry L. Potter #3129064
720 Olive Street – Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 (facsimile)
Terry.Potter@huschblackwell.com

Counsel for Defendant Illinois-American Water Company

## **CERTIFICATE OF SERVICE**

The undersigned certifies on this 28th day of March, 2008, a copy the foregoing was served upon the following individual via the Court's electronic case management system:

Charles Orlove
Jacobs, Burs, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603

/s/ Terry L. Potter