UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 | ) CASE No. 08 C 1411 ) |
| | ) Judge Conlon |
| Plaintiff, | ) Magistrate Judge Valdez ) |
| v. | ) ) |
| ILLINOIS AMERICAN WATER COMPANY | ) ) ) |
| Defendant. | ) |

### DEFENDANT ILLINOIS AMERICAN WATER'S COUNTERCLAIM TO VACATE THE ARBITRATION AWARD

Comes now Defendant, Illinois-American Water Company ("Illinois American Water")[1], by and through the undersigned attorney, and brings this counterclaim against Plaintiff, United Food and Commercial Workers Local 1546 (hereinafter "the Union"), to vacate and set aside an arbitration award ("Award"). In support thereof, Illinois American Water alleges as follows:

1. Illinois American Water brings this counterclaim to vacate an Award issued by Arbitrator Martin H. Malin on February 21, 2008.

2. Jurisdiction is conferred on this Court pursuant to Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. §185, and 28 U.S.C. §§1331 and 1337.

---

[1] The caption in Plaintiff's Application to Confirm an Arbitrator's Award improperly identifies Defendant's legal name. The correct legal name for Defendant is Illinois-American Water Company.

3.　　Illinois American Water is authorized to do business in the State of Illinois and has an office and place of business in Woodridge, Illinois, within the territorial jurisdiction of this Court.

4.　　Illinois American Water is an employer in an industry affecting commerce as defined in Sections 501(1) and (3) and 2(2) of the LMRA (29 U.S.C. §§142(1) and (3) and 152(2)) and within the meaning of Section 301 thereof (29 U.S.C. §185).

5.　　The Union is a labor organization representing employees for the purpose of collective bargaining in an industry affecting commerce, as defined in Sections 501(1) and (3) and 2(5) of the LMRA (29 U.S.C. §§142(1) and (3) and 152(5)) and within the meaning of Section 301 thereof (29 U.S.C. §185).

6.　　At all relevant times, the Union has been the exclusive bargaining agent for a bargaining unit composed of Illinois American Water employees, and the Union's duly authorized officers and/or agents are engaged in representing or acting for these and other employees within the territorial jurisdiction of this Court. The Union's headquarters and principal office is located at 1649 W. Adams, Chicago, IL 60612.

7.　　Venue is proper in the United States District Court for the Northern District of Illinois.

### Collective Bargaining Agreement

8.　　At all times relevant to this dispute, Illinois American Water and the Union were parties to a Collective Bargaining Agreement, entered into pursuant to the provisions of the LMRA, 29 U.S.C. §141 *et seq.* The Collective Bargaining Agreement between Illinois American Water and the Union was made and entered into on May 11, 2006. A true copy of this Collective Bargaining Agreement is attached hereto as Exhibit A and incorporated herein.

**Factual Background**

9.   Glenn Williams ("Williams") was employed by Illinois American Water at the Company's Chicago, Illinois location and was an employee member of the Union.

10.  According to the Collective Bargaining Agreement between the Union and American Water, Williams was required to maintain a water license from the Illinois Environmental Protection Agency.

11.  In October 2006, Illinois American Water learned that Williams failed to maintain his water license in violation of the Collective Bargaining Agreement and that his license had expired almost 10 years prior, in 1997.

12.  Williams' failure to maintain his license was a violation of Offense Number 12 of the Employees' Guide for Conduct ("neglect of assigned duty").  Only a few months earlier, Williams had been disciplined under Offense Number 12 for another instance of neglect of duty.  The Employees' Guide for Conduct calls for termination for a second violation of Offense Number 12.

13.  Although termination was appropriate, Williams was offered a Last Chance Agreement, in lieu of termination, subject to certain conditions: 1) he was suspended for thirty (30) workdays without pay and admitted the suspension was based on just cause; 2) he agreed to reimburse Illinois American Water for overpayment of wages (up to one year of overpayment) that he received based on his representation that he maintained a Class "A" license when he did not; and 3) he would obtain at least a Class "B" level license.  A true copy of the Last Chance Agreement is attached hereto as Exhibit B and incorporated herein.

14. Under the second condition, the Last Chance Agreement specified that as a condition of remaining employed by the Company, Williams was responsible for arranging a repayment schedule with the Company within two weeks of signing the Last Chance Agreement.

15. Williams was represented by the Union when the Last Chance Agreement was presented, and both he and his Union representative signed the Last Chance Agreement and agreed to the stated conditions.

16. The Last Chance Agreement specifically states that it reflects the parties' entire agreement and merges all agreements, representations, and understandings among the parties. The Last Chance Agreement also states that it supersedes any conflicting provision or right under the parties' Collective Bargaining Agreement.

17. Williams failed to arrange a repayment schedule with the Company within two weeks of signing the Last Chance Agreement as required by the Last Chance Agreement. The Company made several attempts to have Williams enter into a repayment schedule. On March 2, 2007, nearly four months after the Last Chance Agreement was executed, Illinois American Water offered Williams one final opportunity to sign a repayment schedule, but Williams refused.

18. Williams was subsequently discharged for violating the Last Chance Agreement.

19. Williams grieved both his suspension and his discharge in accordance with procedures set forth in the Collective Bargaining Agreement.

20. The Last Chance Agreement also governs both of these possible grievances. First, the Last Chance Agreement acts as a release and settlement of any possible grievances related to Williams' suspension. In addition, under the Last Chance Agreement, Williams expressly waived any right to grieve his discharge if he was terminated for violating the Last

Chance Agreement except as to whether the conduct (i.e. the violation of the Last Chance Agreement) occurred.

21. With regard to any subsequent arbitration on the discharge, the Last Chance Agreement states: "If the conduct occurred, an Arbitrator will not have any authority to modify the discharge to a lesser penalty."

## Arbitration

22. The parties proceeded to arbitration over the issue of whether the Company had cause to terminate Williams on March 2, 2007.

23. A hearing was held before Arbitrator Martin H. Malin at which time the parties presented testimony and documentary evidence. The parties also filed post-hearing briefs with the Arbitrator.

24. On February 21, 2008, Arbitrator Malin issued an Award finding that the Last Chance Agreement executed by Williams was valid and enforceable and that Williams, the Union and the Company are bound by the terms of the Last Chance Agreement. A true copy of the Award is attached hereto as Exhibit C and incorporated herein.

25. Notwithstanding, the Arbitrator also found that the Company violated the Last Chance Agreement when it discharged Williams because, according to the Arbitrator, *"the Last Chance Agreement does not permit the discharge of Williams for failure to comply with a provision of the Agreement while the validity of that provision is subject to a proper, good faith, non-frivolous challenge."*

26. In so finding, the Arbitrator noted that he was interpreting the Last Chance Agreement in order to avoid an unreasonable result rather than following the unambiguous language and terms of the Last Chance Agreement.

27. The Last Chance Agreement makes no mention of prohibiting discharge because "the validity of one of its provisions is subject to a proper, good faith, non-frivolous challenge." To the contrary, it expressly states that if a violation of the Last Chance Agreement occurs, the arbitrator will not have authority to modify the penalty.

28. Arbitrator Malin specifically found Williams violated the Last Chance Agreement by not entering into the repayment schedule. Nevertheless, he did not enforce the terms of the Last Chance Agreement.

29. In finding Illinois American Water violated the terms of the Last Chance Agreement, Arbitrator Malin ignored the clear and unambiguous language of the parties' Last Chance Agreement and substituted his own brand of industrial justice by imposing new terms into the Last Chance Agreement.

30. Accordingly, the Award issued by Arbitrator Malin is improper and must be vacated for the following reasons:

    a. The Arbitrator manifested an infidelity to his obligation to apply the Last Chance Agreement and issue an award that drew its essence from the Last Chance Agreement.

    b. The Arbitrator dispensed his own brand of industrial justice.

    c. The Arbitrator exceeded the scope of authority and jurisdiction vested upon him by consent of the parties.

    d. The Arbitrator's Award is internally contradictory to the factual findings of the Arbitrator and contradicts the testimonial and documentary evidence presented at the hearing.

    e. The Arbitrator exceeded his authority by ignoring the plain and unambiguous language of the Last Chance Agreement and by altering the Last Chance

Agreement by interpreting unambiguous language of the Last Chance Agreement in a way contrary to its plain meaning.

      f.    The Arbitrator exceeded his authority by imposing new obligations on Illinois American Water that are not required under the terms of the parties' Last Chance Agreement or Collective Bargaining Agreement.

      g.    The Arbitrator's Award lacks fundamental rationality.

WHEREFORE, Illinois American Water requests:

(1) That this Court issue judgment vacating the February 21, 2008 Award of Arbitrator Martin H. Malin;

(2) That this Court enforce the terms of the Last Chance Agreement and issue an Order upholding the termination of Williams; and

(3) That this Court grant such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

/s/ Terry L. Potter
Terry L. Potter #3129064
720 Olive Street – Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 (facsimile)
Terry.Potter@huschblackwell.com

Counsel for Defendant Illinois-American Water Company

## CERTIFICATE OF SERVICE

The undersigned certifies on this 28th day of March, 2008, a copy the foregoing was served upon the following individual via the Court's electronic case management system:

Charles Orlove
Jacobs, Burs, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603

/s/ Terry L. Potter