IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 <br> Plaintiff, <br><br> vs. <br><br> ILLINOIS-AMERICAN WATER COMPANY <br> Defendant | Case No. 08 C 1411 <br><br> Judge Conlon <br> Magistrate Judge Valdez |

**MOTION TO STRIKE DEFENDANT'S ANSWER AND COUNTERCLAIM
AND SUPPORTING POINTS AND AUTHORITIES**

The United Food and Commercial Workers Local 1546 ("Union"), hereby moves to strike the Answer and Counterclaim filed by defendant Illinois-American Water Company ("Company") on March 28, 2008.  In support hereof the Union states:

On March 10, 2008[1] the Union filed an Application to Confirm an Arbitrator's Award pursuant to sections 6 and 9 of the Federal Arbitration Act ('FAA").   On March 25 Court set this matter for a status report on April 15.  On March 28 the Company filed its Answer and Counterclaim.

The Company's filings are inappropriate in this proceeding to confirm the Arbitrator's award.  The FAA requires "streamlined treatment" of proceedings by motion "obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court § 6 [fn. Omitted]."  *Hall* v. *Mattel, Inc.*, __S.Ct.___2008 WL 762537, p.7 (U.S., March 25, 2008) ("*Hall*").  The manner of the Company's pleading and the substance of its pleadings reveals the essence of its position that the Arbitrator was bound by the terms of a so-

---

[1] All dates hereinafter will refer to the calendar year 2008, unless otherwise indicated.

called last chance agreement signed by employee Williams and a steward for the Union.  Thus, the Company denies there is jurisdiction under the FAA, but admits the court has jurisdiction under section 301 (a) of the National Labor Relations Act.  (29 U.S.C. § 185(a)), as a contract action.[2]  By so pleading it hopes to avoid the nearly automatic and expedited confirmation of the award.  The recent holding in *Hall*, cited above, disposes of that maneuver.

Controlling principles of law compel a rejection of the Company's substantive position.  The Supreme Court in *Hall* also said (at page 9):

> On application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of [FAA]".  There is nothing malleable about "must grant" which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies.

The "prescribed" exceptions for vacating an award are: corruption, fraud, undue means, evident partiality, misconduct or misbehavior, or an arbitrator exceeding his or her powers (FAA § 10), or to modify material miscalculation, material mistake of person or property, imperfect of form or an award on a matter not submitted (FAA § 11).

As cited and quoted in the Union's Application to Confirm the Award, in *Butler Manufacturing Company* v. *United Steelworkers of America, etc.*, 336 F.3d 629 (7th Cir. 2003), the court said:

> Agreements to arbitrate disputes have been a common feature of collective bargaining agreements for quite some time.  They are entitled to a hospitable reception in the courts, so that they can play their role of reducing industrial strife and maintaining a harmonious workplace.  336 F.3d at 629.

---

[2] See: Answer, ¶ 1; Counterclaim, ¶ 2.

2

\* \* \*

A court's role in reviewing an arbitral award is quite limited.  Apart from the general reasons for setting aside any arbitral award found in the Federal Arbitration Act, 9 U.S.C. §10, the court may consider only whether an arbitrator exceeded the scope of the authority conferred upon her by the parties' actions and agreements.  With few exceptions, as long as the arbitrator does not exceed this delegated authority, her award will be enforced.  <u>This is true even if the arbitrator's award contains a serious error of law or facts.</u>  Otherwise, as we have pointed out in the past, arbitration would just be the first of a series of steps that always culminated in court litigation and it would lose the raison d'ĕtre.  336 F.3d at 632 (internal citations omitted, emphasis added).

See also: *Johnson Controls, etc.* v. *United Association of Journeymen and Appretices, etc.,* 39 F.3d 821, 824 (7th Cir. 1994):

Judicial review of arbitration awards is extremely limited.  As long as the arbitrator's award is based on his interpretation of the contract, a court cannot disturb it.  Although an arbitrator exceeds his authority if his award does not "draw its essence from the collective bargaining agreement" we are hesitant to upset the award on such grounds.  Thus, we resolve reasonable doubts concerning the arbitrator's analysis in favor of enforcing the award. (internal citations omitted).

We must, perforce, raise and discuss certain undisputed facts in this matter in order to show the Company's counterclaim and answer are inappropriate in this proceeding to confirm the arbitration award.  The only claim the Company can conceivably make within this legal framework is that the arbitrator exceeded his powers and/or issued an award allegedly contrary to the last chance agreement.  This brings us to the undisputed facts on how this matter came before Arbitrator Malin.

Immediately after employee Glenn Williams ("Williams") signed a last chance agreement under threat of termination (Exh. 1c, p.1, last ¶),  the Union grieved on behalf of Williams and others who were similarly disciplined,

protesting, with respect to Williams, "All punishment related to his water license expiring" and "We [Union] feel the punishment is to [sic] severe & would like a reduction". (Exh.1h). The collective bargaining agreement provides, "The Union shall have the right…to protest such discipline or discharge…". (Counterclaim, Exh. A, p. 27, Art. XV). Obviously, the last chance agreement was part of that "punishment" and "discipline". Being unable to resolve these matters in the grievance procedure, the Union invoked arbitration on the disciplinary grievances, including its grievance over the discipline of Williams. (Exh.1b). There was no objection that the grievance was outside the collective bargaining agreement. Indeed, the Union and the Company stipulated before the Arbitrator that this grievance, *inter alia,* was "properly before the Arbitrator for resolution…". (Exh.1a, pp. 6-7).

  The Company later discharged Williams because, in its view, he had not complied with all the terms of the last chance agreement. (Exh. 1e.) The Union grieved the discharge of Williams, (Exh. 1f), again as is its right under the labor agreement. (Counterclaim, Exh. A, p. 27, Art. XV). The Company processed these grievances through the contract grievance procedure, never claiming the grievances were outside the labor agreement. (Exh.1d and 1i). At the resumption of the hearing, which occurred after Williams was discharged, the parties stipulated, "…all conditions preceding this arbitration have either been met or waived, and this matter is properly before the Arbitrator for decision." (Exh.1a, p. 90). The Company and the Union further stipulated to the issue, "whether the company had cause to discipline [other employees] and Glenn

Williams in November 2006". (Exh.1a, p. 91). Specifically, the Company stipulated with the Union the further issue for resolution by the Arbitrator, "…whether the company had cause to terminate Glenn Williams on March 2, 2007". (Exh.1a, p. 92). Accordingly, the Arbitrator was authorized by the contract, and surely by the parties' stipulations, to resolve all issues involving Williams, including the application of the last chance agreement.

The argument that the Arbitrator ignored the language of the last chance agreement is factually incorrect and legally without merit. The Arbitrator said: (1) the Union's challenge was undertaken in good faith; (2) the last chance agreement, drafted by the Company, contained ambiguities which must be resolved against the Company; (3) the grievance challenging the validity of the last chance agreement was protected activity under the National Labor Relations Act; and (4) "…it would be grossly unreasonable to allow for discharge of an employee for failure to comply with a provision of an agreement while the validity of that agreement was subject to a good faith, non-frivolous attack". Application to Confirm, Exh.1, pp.17-18. Plainly, the Arbitrator made a carefully studied analysis of these facts. While he was correct, his decision in any case must be confirmed, "…even if [his] award contains a serious error of law or facts". *Butler, supra,* at 632.

This case is akin to the 7th Circuit decision in *Butler, supra.* There, "…the district court found that the arbitrator acted outside of his contractual authority when he turned to the FMLA to assess the propriety of [the company's]

5

termination of [the employee]." 336 F.3d at 632. The 7th Circuit, reversing the decision of the district court said:

> Even if the [collective bargaining agreement] had been vaguer about the relevance of statutory protections to the parties' agreement, in this case there is a second reason for finding that the arbitrator stayed well within his authorized powers. …[D]uring the course of the arbitration, it became clear both sides were willing to allow the arbitrator to consider the FMLA. 336 F.3d at 634

This case is *a fortiori* to *Butler* because here the contract specifically permits grievances over all disciplinary and discharge issues. That alone is sufficient for the Arbitrator's powers. Moreso here, the parties specifically invoked and stipulated to the Arbitrator's power to decide the Williams' discipline and discharge. Furthermore, as in *Butler,* the Company:

> …cannot have it both ways. Principles of estoppel prevent a party to arbitration from taking a position before the arbitrator that invites consideration of external law, losing the arbitration, and then seeking relief from the unfavorable arbitral award in federal court by arguing that the arbitrator lacked authority to consider the law in the first place. (cite and quote omitted) 336 F.3d at 635.

Accordingly, the Company's pleadings to make this case into a contract action outside of the Arbitrator's decision, that is, its answer denying jurisdiction and counterclaim, are ill-founded and should be stricken. This matter should proceed as an expedited matter in accordance with the sections 6 and 9 of the FAA.

Respectfully submitted,

/s/Charles Orlove

One of Plaintiffs Attorneys

Charles Orlove
Jacobs, Burns, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603-6145
Phone: 312-327-3426
Facsimile: 312-580-7175
E-Mail: corlove@jbosh.com

CERTIFICATE OF SERVICE

I, Charles Orlove, an attorney, certify that I caused the foregoing document to be served upon the following person by filing it using the ECF system on April 9, 2008:

Terry L. Potter
Husch Blackwell Sanders LLP
720 Olive Street - Suite 2400
St. Louis, Missouri 63101

/s/ Charles Orlove
Charles Orlove