

November 7, 2006

Mr. Glenn C. Williams
6N210 Circle Avenue
Medinah, IL 60157

RE: DISCIPLINARY SUSPENSION-LAST CHANCE AGREEMENT

Dear Mr. Williams:

On October 10, 2006, you brought to management's attention that your Class "A" Water License with the Illinois Environmental Protection Agency (IEPA) had been expired. You requested a letter from the Company because you needed to include this letter with your application to take the test to reinstate your Water License. Upon further investigation, the Company was made aware your license has been expired since July 31, 1997.

In the process of our investigation/interview with you, it was clear you allowed your license to expire and made no effort to keep track of your license or contact the IEPA to check the status of your license for over nine years. It was also clear you have not maintained the necessary training/education hours (CEU's) required to maintain your Water License, in violation of the Collective Bargaining Agreement (CBA), Section 26.2. The Company has relied on your representation that you had and maintained a Class "A" Water License for running the operations, including wages, staffing, and representations to third parties. With regard to wages specifically, because you did not advise the Company that your Water License expired, you continued to receive pay at a higher rate than you were entitled under Appendix A of the CBA since July 31, 1997. As a result of this omission, you have been overpaid for over several years.

As we advised in our investigation/interview with you, this is a very serious matter. Your action regarding this matter is a violation of the Company Code of Conduct Number 12 – Neglect of Assigned Duty and a violation of the CBA. Your past work record also shows recently, just this last July, you were suspended for 5 days for another violation of the Code of Conduct Number 12. The Code of Conduct recommends termination for the second violation of this offense.

Because you brought this issue to our attention, we are willing to forego termination at this time and, instead, offer you a Last Chance Agreement to maintain your employment with Illinois-American Water (See Attached). As a result of your recent disciplinary action/suspension in combination with this incident, you will be suspended for 30 workdays without pay.



Furthermore, you will be required to reimburse the company for overpayment of wages for a license you did not have. Although you have been overpaid for over nine years, we are willing to seek overpayment only for 2006 in order to bring resolution to the matter. This difference in pay will be based on the hourly rate difference between an Operator in Training and the hourly pay rate you received during 2006 at the higher rate under the belief that you maintained your Water License the entire time. You are hereby required to pay this difference back to the Company within a one year period from the date of this letter and will have to arrange a payment schedule. Failure to make payment will result in further discipline.

Lastly, as you know, we have reduced your pay to that of an Operator in Training. We will allow you to reapply for your Water License and be reinstated to an Operator pay rate. You will have six months from the date of this letter to reinstate your Water License to at least a Class "B" level. Note, going forward, the rate table that will apply to you when you reinstate your Water License will be the table contained in the CBA. The table grandfathering you at a different wage based on the level of your licenses at that time will no longer apply.

We caution you that any subsequent violations of the Company's Safety Code or Guide for Conduct will result in progressive disciplinary action that could lead to termination of your employment with the Company.

Sincerely,

**ILLINOIS-AMERICAN WATER COMPANY**

John Stein
Production Supervisor

Stephen J. Phillips
Production Superintendent

Employee Signature: _____ Date: 11/7/06

(Your signature is intended only to acknowledge receipt of the notice; it does not imply agreement or disagreement with the notice itself. If you refuse to sign, someone in a supervisory position with the company will be asked to initial the form indicating that you received a copy of the form.)

cc:   Maxine Mitch, HR, St. Louis
      Tracy Elzemeyer, Legal, St. Louis
      Doug Mitchem, St. Louis
      Mike Jackson, Belleville

Kevin Dunn, St. Louis
Aaron Holden, Union Steward
Ray Rossa, Chief Union Steward
Chris Martens, Union Steward



# LAST CHANCE AGREEMENT

This Agreement is between Glen Williams (Employee), Illinois-American Water Company (Company) and UFCW Local #1547 (Union).

1.     On August 18, 2006 and November 7, 2006, the Company issued letters citing the Employee for two separate violations of the Code of Conduct Number 12 – Neglect of Assigned Duties. Under the Code of Conduct, the Employee normally would be subject to termination for a second violation of that provision. Because of circumstances in this case, the parties desire to give the Employee an opportunity to continue his employment, on a last chance basis, subject to the following conditions:

- The Employee will be suspended for thirty (30) days without pay effective November 7, 2006. The Employee acknowledges that the Company had just cause to issue this suspension.
- The Employee will make restitution for the overpayment (difference in pay between his Operator pay rate and the Operator in Training pay rate) for not having his IEPA Class A Water License from 1/1/06 through the most recent date Employee received payment at the higher rate. The Employee will arrange a payment schedule with the Company within two weeks after he signs this Agreement. Restitution will be completed within a 12 month period.
- The Employee will obtain an IEPA Water License, at least at a Class "B" level, within six months from the signing of this Agreement.

2.     Failure to comply with any of these conditions will result in immediate termination. Further, any future violation of Company policy or procedures, including the Code of Ethics, the Safety Code or the Code of Conduct, will result in the Employee's immediate termination. The Union and the Employee expressly waive any right to file a grievance or other claim regarding Employee's discharge under this Agreement, except to contest the fact of what occurred. If the conduct occurred, an Arbitrator will not have any authority to modify the discharge to a lesser penalty.

3.     The Employee and the Union agree not to disclose the terms and conditions of this Agreement or the negotiations leading up to this Agreement to any third party unless authorized to do so by the Company or required by law.

4.     In consideration for this Agreement, the Employee agrees to release the Company (and all related persons and entities) and the Union (and all related persons and entities) from all claims, actions, demands or liabilities for injuries or damages or other remedy, whether known or unknown, regarding the suspension of his employment and the effects of the suspension. Employee's release includes all claims under the law and all grievances under the Collective Bargaining Agreement.

5.     This Agreement reflects the parties' entire agreement, and it merges all agreements, representations, and understandings among the parties, whether oral or written, or both. As to Employee, this Agreement supersedes any conflicting provision or right under the parties' collective bargaining agreement. This Agreement may only be changed by a writing signed by all of the parties.

1



6.  Any disputes regarding the meaning of this Agreement will be resolved solely through the parties' collective bargaining agreement grievance-arbitration procedure.

7.  The parties agree to each provision and term of this Agreement. Any invalid provision or term shall not invalidate the remaining provisions and terms.

8.  The Employee understands the meaning of this Agreement and the Employee's responsibilities under this Agreement. The Employee voluntarily agrees to these terms because they are in the Employee's best interest and waives any right to further advice regarding the Agreement or further time to consider the Agreement.

9.  This Agreement is made on a non-precedent setting basis. That is, it shall neither be used nor referred to in the case of any other employee.

IN WITNESS WHEREOF, the parties have executed this Last Chance Agreement.

_____  11/7/06
EMPLOYEE                   Date

Chris Martens              11/7/06
FOR THE UNION              Date

_____  11/7/06
FOR THE COMPANY            Date

2