December 21, 2006
To: Wayne Clavio
From: Mike Jackson
RE: Response to third step meeting December 8, 2006 (Williams, Nelson and Leppert)

I am writing to respond to several issues raised during the third step meeting about the grievances filed challenging discipline issued to the three employees identified above and to propose a resolution to the grievances.

During the meeting, you expressed concern about the harshness of the penalty, and you expressed specific opposition that the Company is requiring two of the employees to repay overpaid wages. You indicated that you have instructed the employees not to sign wage deduction agreements proposed by the Company.

As already noted when we met, the Company feels that the discipline issued to these three employees is warranted under the circumstances. The Contract is very clear about the responsibility of the operators to maintain the licenses and to maintain their continuing education credits. The Company has relied on the representations that these operators maintained a certain level of license for purposes of staffing, wages and representations to third parties. With regard to wages specifically, the Contract is clear that wages are tied directly to the level of license maintained. Two of these employees have been accepting overpayment of wages for quite some time, and the Company has given them the benefit of the doubt that these actions were not intentional. Further, as far as the repayment amounts, the Company already has been more than generous because it did not seek repayment for overpayment of wages during the entire time that the licenses were expired and it has not requested that the money owed be paid back immediately.

The Company is sensitive to the impact discipline and restitution have on these employees and has taken this into account in determining the appropriate level of discipline and the extended and reduced repayment option in this case. However, in the effort to resolve these grievances, the Company, on a non-precedent setting basis, will offer the following:

In exchange for withdrawal of all three grievances, the Company will further reduce the payback amounts for the two employees that owe the Company money and will allow repayment up to 18 months instead of 12. We are attaching an MOU that expressly states the terms proposed but, essentially, we are willing to reduce the payback amount by an amount that equates to what the employees already "lost" in wages based on the duration of their suspensions. We have calculated those amounts based on Operator pay to give the employees the greatest offset value. Please note that this reduction on top of the reductions already provided greatly reduces the amounts that are otherwise owed to the Company and is a significant benefit to these employees.

The proposed MOU is attached, along with wage deductions agreements stating the terms of any extended repayment option. Resolution of these grievances is dependent on the MOU being signed by the Union, and Mr. Williams and Mr. Nelson signing the wage deduction authorizations to begin the extended repayment option.

Lastly, during the meeting, the Union discussed the last chance agreement for Mr. Williams. The Company feels the agreement is warranted, and the Union and Mr. Williams already agreed to its terms. During the third step meeting, Mr. Williams presented the Company with a write-up of his recollection of a previous grievance, however, it is not timely. The Company is not willing to modify the last chance agreement for Mr. Williams, except as noted above with regard to the repayment of wages. The modification to the last chance agreement is addressed specifically in the MOU.

This offer is open until December 29, 2006. I must receive a signed copy of the MOU and wage deduction authorizations by December 29, 2006 or the Company will assume the matter will proceed under the grievance procedure, and these grievances will be considered denied by the Company at the third step.

In order to respond, you may contact me via mail, e-mail, phone, or fax at:

Mike Jackson
300 North Water Works Dr.
Belleville, IL 62223
Office 618 239 3238
Cell   618 830 1771
Fax   618 236 1186
E-mail mjackson@illinoisamerican.com

Sincerely,

*Michael R. Jackson*

Michael R. Jackson
Production Manager IL/IA
American Water