UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 | ) CASE No. 08 C 1411 ) |
| | ) Judge Conlon |
| Plaintiff, | ) Magistrate Judge Valdez |
| | ) |
| v. | ) |
| | ) |
| ILLINOIS AMERICAN WATER COMPANY | ) ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE ANSWER AND
COUNTERCLAIM AND SUPPORTING POINTS AND AUTHORITIES**

Comes now Defendant, Illinois-American Water Company ("Illinois American Water"), by and through the undersigned attorney, and hereby files its Response In Opposition to Plaintiff's Motion to Strike Answer and Counterclaim and Supporting Points and Authorities. In support thereof, Defendant offers the following:

In its Motion to Strike Defendant's Answer and Counterclaim and Supporting Points and Authorities, the United Food and Commercial Workers Local 1546 ("the Union") argues that Illinois American Water's Counterclaim and Answer are inappropriate because the Union is proceeding against Illinois American Water under the Federal Arbitration Act ("FAA") and the FAA requires Defendant's Counterclaim be made in motion form. The Union also argues, incorrectly, that Defendant's Counterclaim should be stricken because Plaintiff's Motion to Confirm an Arbitrator's Award should be granted as a matter of course.

When Plaintiff filed its Application to Confirm an Arbitrator's Award, it was unclear to Illinois American Water whether Plaintiff was bringing its claim under the FAA, 9 U.S.C. §9, or under the Labor Management Relations Act, 29 U.S.C. §185 and Fed.R.Civ.P. 7 as Plaintiff included both federal statutes in its Application but procedurally filed its action commensurate with the rules provided for in the FAA. Now, rather than file an Answer and Counterclaim, Illinois American Water believes the proper method for responding to the Union's Application to Confirm an Arbitrator's Award, under the FAA at least, is to file a cross Application to Vacate the Arbitrator's Award. Any such Application to Vacate the Arbitrator's Award is still timely for Illinois American Water because the statute of limitations does not bar such action until May 21, 2008. 9 U.S.C. §12. As such, Illinois American Water is concurrently filing a Motion for Leave to Withdraw its Answer and Counterclaim and an Application to Vacate the Arbitrator's Award.[1] The Union's Motion to Strike Defendant's Answer and Counterclaim and Supporting Points and Authorities should, therefore, be denied as moot.

WHEREFORE, Illinois American Water requests the Union's Motion to Strike Defendant's Answer and Counterclaim and Supporting Points and Authorities be denied in its entirety because Defendant is filing a Motion for Leave to Withdraw its Answer and Counterclaim and an Application to Vacate the Arbitrator's Award. Illinois American Water also requests this Court grant such other and further relief as the Court deems just, equitable and proper.

---

[1] Although Illinois American Water does not believe leave of court is necessarily required to withdraw its Answer or Counterclaim or file an Application to Vacate, it is requesting leave from this Court in an abundance of caution and an effort to minimize any procedural confusion.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

/s/ Terry L. Potter
Terry L. Potter #3129064
720 Olive Street – Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 (facsimile)
Terry.Potter@huschblackwell.com

Counsel for Defendant Illinois-American Water Company

## CERTIFICATE OF SERVICE

The undersigned certifies on this 22nd day of April, 2008, a copy the foregoing was served upon the following individual via the Court's electronic case management system:

Charles Orlove
Jacobs, Burs, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603


/s/ Terry L. Potter