UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 | ) CASE No. 08 C 1411 ) |
| | ) Judge Conlon |
| Plaintiff, | ) Magistrate Judge Valdez |
| | ) |
| v. | ) |
| | ) |
| ILLINOIS AMERICAN WATER COMPANY | ) ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION FOR LEAVE TO WITHDRAW ITS ANSWER AND COUNTERCLAIM AND FILE A CROSS APPLICATION TO VACATE

Comes now Defendant, Illinois-American Water Company ("Illinois American Water"), by and through the undersigned attorney, and hereby files its Motion for Leave to Withdraw its Answer and Counterclaim and File a Cross Application to Vacate. In support thereof, Defendant offers the following:

1. On March 10, 2008, the United Food and Commercial Workers Local 1546 ("the Union") filed an Application to Confirm an Arbitrator's Award pursuant to the Federal Arbitration Act ("FAA") and the Labor Management Relations Act, 29 U.S.C. §185.

2. On March 25, 2008, Illinois American Water filed an Answer and Counterclaim to the Union's Application to Confirm.

3. When Plaintiff filed its Application to Confirm an Arbitrator's Award, it was unclear to Illinois American Water whether Plaintiff was bringing its claim under the FAA, 9 U.S.C. §9, or under the Labor Management Relations Act, 29 U.S.C. §185 and Fed.R.Civ.P. 7 as

Plaintiff included both federal statutes in its Application but procedurally filed its action commensurate with the rules provided for in the FAA.

4. Now, rather than file an Answer and Counterclaim, Illinois American Water believes the proper method for responding to the Union's Application to Confirm an Arbitrator's Award, under the FAA at least, is to file a cross Application to Vacate the Arbitrator's Award.

5. Any such Application to Vacate the Arbitrator's Award is still timely for Illinois American Water because the statute of limitations does not bar such action until May 21, 2008. 9 U.S.C. §12

6. Illinois American Water's Application to Vacate an Arbitrator's Award is attached hereto as Exhibit 1 and will be filed if and when this Court grants Defendant leave to do so. The Motion is factually similar in all respects to Defendant's Counterclaim, and therefore, the Union will not be surprised by the arguments made therein.

7. Although Illinois American Water does not believe leave of court is necessarily required to withdraw its Answer or Counterclaim or file an Application to Vacate, it is requesting leave from this Court to do so in an abundance of caution and an effort to minimize any procedural confusion.

WHEREFORE, Illinois American Water requests this Court grant it leave to withdraw its Answer and Counterclaim to the Union's Application to Confirm and Arbitrator's Award and file its Application to Vacate an Arbitrator's Award and for such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

/s/ Terry L. Potter
Terry L. Potter #3129064
720 Olive Street – Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 (facsimile)
Terry.Potter@huschblackwell.com

Counsel for Defendant Illinois-American Water Company

### CERTIFICATE OF SERVICE

The undersigned certifies on this 22nd day of April, 2008, a copy the foregoing was served upon the following individual via the Court's electronic case management system:

Charles Orlove
Jacobs, Burs, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603

/s/ Terry L. Potter