UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 | ) CASE No. 08 C 1411 ) |
| | ) Judge Conlon |
| Plaintiff, | ) Magistrate Judge Valdez |
| | ) |
| v. | ) |
| | ) |
| ILLINOIS AMERICAN WATER COMPANY | ) ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, Illinois-American Water Company ("Illinois American Water" or "the Company"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(b), hereby submits its Response in Opposition to Plaintiff's Motion for Summary Judgment.[1] In its Memorandum in Support of Plaintiff's Motion for Summary Judgment, Plaintiff ("the Union") makes just one argument: that the Company, by test acceding to arbitration, waived its rights under the Last Chance Agreement ("LCA") thereby authorizing the Arbitrator to ignore the plain language of the parties' LCA and reinstate Williams. The Union's argument is fatally flawed.

    A.    **The Company Did Not Waive its Argument that the Arbitrator Could Not Modify the Discharge Because That Argument Cannot Be Waived**

The Union argues that by agreeing the issues were properly before the Arbitrator, the Company waived the argument that the Arbitrator cannot modify the discharge. The Union's

---

[1] Illinois American Water is not submitting a separate response to Defendant's Statement of Material Facts because it does not contest Defendant's stated facts.

argument is unsupported and preposterous. Simply because the Company agreed to arbitrate grievances does not in any way give the Arbitrator authority to modify the parties' unambiguous agreement. Indeed, there is <u>nothing</u> that gives an arbitrator that authority. The Supreme Court of the United States has made it clear, an "arbitrator may not ignore the plain language of the contract." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). An arbitrator "is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice," and, accordingly, an "award is legitimate only so long as it draws its essence from the collective bargaining agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960); *Tootsie Roll Indus., Inc. v. Local Union #1*, 832 F.2d 81 (7th Cir. 1987). Arbitrator Malin completely ignored the plain language of the parties' LCA and reinstated Williams when the LCA explicitly prohibited reinstatement. The fact that the Company agreed to arbitrate Williams' grievance in no way relieves the Arbitrator's obligation to pay heed to the plain language of the parties' LCA.

While it is true there are some arbitrators who have held that employers should raise the issue of arbitrability of a dispute at the arbitration hearing or risk it being waived, such is not the issue here. Contrary to the union's suggestion, the Company is not arguing that Arbitrator Malin did not have authority to decide the grievance; it's arguing that the Arbitrator exceeded the scope of his authority in so doing.

The Union suggests that the Company is somehow at fault for not having argued to the Arbitrator that he was without authority to modify Williams' discharge and that the Company is now estopped from arguing that the Arbitrator was without such authority. Again, the Union's argument is flawed in that it requires that the Company foresee that the Arbitrator might overstep his authority and argue, preemptively, that the arbitrator was forbidden from doing so. The issue

at arbitration, however, was whether Williams' discharge, according to the terms of the LCA, was proper, and not whether the arbitrator had authority to modify the discharge. The Company, therefore, appropriately argued at the hearing that Williams' discharge was proper by virtue of his violation of the parties' LCA. Indeed, if the Union's argument is given any credence, it would mean that arbitrators would have authority to ignore the plain language of a parties' agreement unless one party specifically argued they could not. The flaw in the Union's argument goes without saying. It is not surprising that the Union cannot and does not point to a single source of law that supports this defective "waiver" argument.

The Union also points out that the grievance relating to Williams' suspension involved whether the suspension was too severe and suggests that because the Company stipulated that the level of discipline relating to the suspension was arbitrable, the Arbitrator had carte blanche authority to modify the discharge. The Union has confused the issues. The discharge and suspension are two separate and distinct grievances. Although the Company agreed the level of discipline with respect to the suspension was arbitrable, the issue with respect to the discharge was only whether the discharge was <u>proper</u> (i.e. determining whether Williams violated the LCA), not whether the discharge was too severe a penalty. Indeed, the Union's brief delineates the two by stating "…the Company stipulated with the Union and empowered the Arbitrator to hear and resolve grievances over both the last chance agreement <u>as discipline</u> and <u>the merits of the discharge for failing to comply with one of the provisions of the last chance agreement</u>." *See* Memorandum in Support of Plaintiff's Motion for Summary Judgment at 3-4 (emphasis added). Thus, the Union has confused the issues and its argument does not pass muster.

Moreover, if the Union wanted the level of discipline for Williams' discharge to be an issue decided at arbitration, it should have made that issue a part of the stipulated issues at the

hearing. But the Union did not do that. The parties stipulated at the hearing that the issue with respect to Williams' termination was <u>only</u> whether the Company had <u>cause</u> to terminate – not whether the discharge was too severe a penalty.[2] Thus, if any party waived an issue it was the Union by failing to argue at the hearing that it also took issue with the severity of the discipline meted out to Williams for violating the LCA.

### B. The Union's Argument is Unsupported, Even by the Law it Cites

The Union's argument that the Company has somehow waived its right to argue the arbitrator should not have modified the discharge is not rooted in any principle of law. Although the Union filled its Memorandum in Support of its Motion for Summary Judgment with nearly three full pages of quotations from various Seventh Circuit cases, not a single case supports the Union's "waiver" argument. Rather, the Union packed its brief with long passages discussing the court's role in reviewing arbitral awards and stating the standard of judicial review. Importantly, however, the Union did not analyze the standard for judicial review – the very crux of the case at bar: whether the arbitrator exceeded his authority. In fact, the Union's brief never once even mentions whether Arbitrator Malin exceeded his authority. Instead, the Union relies solely on its faulty "waiver" argument which is not grounded in any law and does not make logical sense.

When reviewed in light of the actual standard for judicial review, it is quite clear Arbitrator Malin exceeded his powers. The facts are straightforward and undisputed. The parties executed a LCA which provided that Williams was subject to termination if he failed to adhere to the terms of the LCA. The LCA specifically mandated, and the parties agreed in

---

[2] In fact, the Union even tried to argue that one of the issues to be decided was whether the initial amount of discipline administered to the employees involved was appropriate and the Company refused to so stipulate stating, on the record, that it believed the only issue was whether the just cause standard was the appropriate standard to be applied. *See* Transcript at 90-93.

unambiguous language, that an arbitrator will not have authority to modify the discharge to a lesser penalty. Williams violated the LCA and was discharged. Therefore, the Award reinstating Williams runs contrary to the parties' express contractual language and must be vacated.

The Union also relies heavily, yet mistakenly, upon *Butler Manufacturing Company v. United Steelworkers of America*, 336 F.3d 629 (7th Cir. 2003). *Butler* though, is not at all similar to the instant case. In *Butler*, the employer brought an action to vacate an arbitration award made pursuant to a collective bargaining agreement which held that the union employee's absences were excusable and that the employer lacked cause to terminate the employee. The employer claimed the arbitrator strayed too far beyond his powers when he applied external law, the Family and Medical Leave Act (FMLA), to help resolve the dispute which concerned possible excuses for some of the employee's absences. The Seventh Circuit ultimately concluded that the arbitration award should be enforced because it had an adequate basis in the parties' collective bargaining agreement and independently because both parties agreed to allow the arbitrator to take external law (i.e. the FMLA) into consideration in his decision.

*Butler* is not a case involving a last chance agreement and is not even remotely factually similar to the instant case. Nevertheless, the Union argues the cases are similar in that, in both cases, the Company is trying to "have it both ways." *See* Plaintiff's Memorandum in Support at 6. In other words, it is saying that Illinois American Water purportedly took a position before the Arbitrator that invited consideration of external law, lost the arbitration, and then sought judicial relief by arguing that the Arbitrator lacked authority to consider the law in the first place. *Id.* at 635.

In comparing this case to *Butler*, the Union grossly mischaracterizes the issue and just as grossly misunderstands Illinois American Water's argument. First, the instant case has nothing to do with inviting the consideration of external law. This case is based upon a Last Chance Agreement to which the parties agreed and are unquestionably bound. Second, as explained above, the Company is not arguing the Arbitrator lacked authority to consider the grievances at issue. Rather, the Company's position is that the Arbitrator exceeded his powers in fashioning the Award. If anything, the *Butler* case bolsters the Company's position that Williams' reinstatement was improper. In *Butler*, the Court stated "[the] arbitral award should be enforced because it is supported by the terms of the parties' agreement." *Id*. at 636. The *Butler* Court thus acknowledged that where an arbitral award is not supported by the terms of the parties' agreement, it should not be enforced. Here, the arbitral award is not supported by the terms of the parties' agreement. The parties' agreement mandated discharge if Williams violated the terms of the LCA with no authority to modify the discharge. Williams violated the LCA, yet inexplicably, the Arbitrator modified the discharge and reinstated him. The Arbitrator's award, therefore, must be vacated.

WHEREFORE, Illinois American Water respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment and award any further relief the Court deems just and appropriate.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

/s/ Terry L. Potter
Terry L. Potter #3129064
720 Olive Street – Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 (facsimile)
Terry.Potter@huschblackwell.com

Counsel for Defendant Illinois-American Water Company

## CERTIFICATE OF SERVICE

The undersigned certifies on this 25th day of June, 2008, a copy the foregoing was served upon the following individual via the Court's electronic case management system:

Charles Orlove
Jacobs, Burs, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603

/s/ Terry L. Potter