IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546<br>Plaintiff,<br><br>vs.<br><br>ILLINOIS AMERICAN WATER COMPANY<br>Defendant | Case No. 08 C 1411<br><br>Judge Conlon<br>Magistrate Judge Valdez |

**PLAINTIFF'S REPLY TO
DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, United Food and Commercial Workers Local 1546 ("Union"), submits this reply to the Illinois American Water Company's ("Company") Response to the Union's Motion for Summary Judgment.

The Company continues to misconceive this case by insisting the arbitrator was bound by the last chance agreement. A glaring example is its statement, "The issue at arbitration, however, was whether Williams' discharge, according to the terms of the [last chance agreement] was proper". Company Response pp. 2-3. That assertion is not correct. The stipulated issues giving the arbitrator direction, authority and power to rule were:

> Whether the company had cause…cause is the word used in section 2.1 of the [labor] contract…to discipline…Williams (the underlying grievance being the severity of the discipline [see: fn.2 *infra*]).
> 
> and
> 
> whether the company had cause to terminate…Williams….

[Doc 12-4, pp.90-93]. See also [Doc 19-5, pp.90-93]. There is no "cause" clause or "just cause" clause in the last chance agreement. It exists only in the collective bargaining agreement. [Doc 16-2, Exh.A, § 2.1, p.11, last sentence]; and see: SMF 3.

The Company concedes it agreed to arbitrate and empower the arbitrator to decide the grievances[1], but it incorrectly claims the grievances were restricted to the last chance agreement. The first grievance for Williams contested the severity of the last chance agreement.[2] Thus the severity of the last chance agreement was put in issue; NOT whether it was violated. As the Union argued in its responsive brief, the Company could have claimed, but did not, that the Union, by having agreed to the last chance agreement, was foreclosed from contesting its terms. Union response brief, p. 2. That the Company consciously chose not to do so becomes all too clear upon its agreement with the Union at the outset of the hearing to use the "cause" clause of the collective bargaining agreement as the basis upon which the arbitrator would rule. [Doc 12-4, p.90]; see also: [Doc 19-5, p.90]. At the threshold of the hearing the Company could have claimed that the only issue was whether the last chance agreement was violated. It did not; it stipulated the issue to be decided under the "cause" clause of the collective bargaining agreement.

The Company's misconception of this case is further apparent from its argument:

> Although the Company agreed the level of discipline with respect to the suspension was arbitrable, the issue with respect to the discharge was only whether the discharge was _proper_ (i.e. determining whether Williams violated the LCA), not whether the discharge was too severe a penalty. Company Response, p.3, original emphasis.

The Company is wrong here on two counts:

(1) it is inconsistent to agree on the one hand that the arbitrator could determine the severity of the last chance agreement under the collective bargaining agreement, but claim he had no authority to review the discharge called for in the last chance agreement; and

(2) the stipulated issue was not whether the discharge was "proper", but as quoted above, whether there was "cause" to discharge, "cause" having been

---

[1] See Company response pages 2-3.
[2] SMF 6; Record [12-14, step 2 grievance meeting] and see also Record [12-13, step 1 grievance meeting].

defined as "cause" under the collective bargaining agreement, not the last chance agreement. [Doc 12-4, p.90-93]; see also [Doc 19-5, p.90-93].

Even upon an analysis of this case on the terms presented by the Company, the arbitrator's award must be enforced.  In *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 37-38, 108 S.Ct. 364, 370-371 (1987) the Court said:

> Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept.  Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.

See also: *Johnson Controls, etc.* v. *United Association of Journeymen and Appretices, etc.,* 39 F.3d 821, 824 (7th Cir. 1994), *cert. denied* 514 U.S. 1107, 115 S.Ct. 1957 (1995):

> Judicial review of arbitration awards is extremely limited.  As long as the arbitrator's award is based on his interpretation of the contract, a court cannot disturb it.  Although an arbitrator exceeds his authority if his award does not "draw its essence from the collective bargaining agreement" we are hesitant to upset the award on such grounds.  Thus, we resolve reasonable doubts concerning the arbitrator's analysis in favor of enforcing the award. (internal citations omitted).

Upon the foregoing, it is clear the arbitrator acted well within the authority given to him by the grievances and the stipulated directions of the parties.

                Respectfully submitted,

                /s/Charles Orlove
                One of Plaintiffs Attorneys

Charles Orlove
Jacobs, Burns, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603-6145
Phone: 312-327-3426
Facsimile: 312-580-7175

E-Mail: corlove@jbosh.com


## CERTIFICATE OF SERVICE

      I, Charles Orlove, an attorney, certify that I caused the foregoing document to be served upon the following person by filing it using the ECF system on July 2, 2008:

>Terry L. Potter
>Husch Blackwell Sanders LLP
>720 Olive Street - Suite 2400
>St. Louis, Missouri 63101