UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | |
| UNITED FOOD AND COMMERCIAL ) | CASE No. 08 C 1411 |
| WORKERS LOCAL 1546 ) | |
| ) | **Judge Conlon** |
| Plaintiff, ) | **Magistrate Judge Valdez** |
| ) | |
| v. ) | |
| ) | |
| ILLINOIS AMERICAN WATER ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, Illinois-American Water Company ("Illinois American Water" or "the Company"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(b), hereby submits its Reply in Support of its Motion for Summary Judgment. In its Response to Defendant's Statement of Uncontroverted Material Facts and Response to Defendant's Memorandum in Support of its Motion for Summary Judgment, Plaintiff ("the Union") makes several arguments that confuse the issue and misrepresent the Company's position.

### A. The Arbitrator Was Within His Rights to Evaluate the Last Chance Agreement

First, the Union argues that the parties' Last Chance Agreement ("LCA") was not among the issues stipulated to the arbitrator. Specifically, the Union states, "… [i]t is necessary … to examine the bases upon which the Union's grievances were processed through the grievance procedure and the issues which the parties stipulated to the arbitrator. The last chance agreement

was not among them; the collective bargaining agreement was the touchstone." Further, the Union appears to argue that the Arbitrator need not take the LCA into consideration when fashioning the Award. The Union is absolutely wrong. The LCA was unquestionably presented to the Arbitrator in order for the Arbitrator to decide whether Williams' termination under the LCA was for cause (i.e. whether Williams indeed violated the LCA warranting discharge). SUMF at 29. The LCA was unquestionably reviewed as a part of the Arbitrator's consideration of the issues, as is demonstrated throughout the Arbitrator's opinion. *See, e.g.,* Exhibit 1 at 10-12 (Arbitrator's summary of Company's position). Moreover, ultimately, the Arbitrator found the LCA valid and enforceable. SUMF at 31. These facts are <u>undisputed</u>; thus, any contention that the LCA was not among the issues before the Arbitrator is without merit.[1]

### B.     The Union Confuses the Issues

#### 1.     The Company Never Stipulated that the Issue to be Decided by the Arbitrator was Whether the Severity of the Termination was Appropriate – It Stipulated that the Issue was Whether the Company had Cause to Terminate

The Union attempts to restate the issues before the Arbitrator in a manner that is very misleading. The Union asserts the Company stipulated that the Arbitrator could decide whether the LCA was too severe a penalty. The Company did <u>not</u> make that agreement and specifically <u>rejected</u> the Union's attempt to frame a separate issue in that fashion. The issues presented to the arbitrator at the outset of the hearing were:

---

[1]     An important point this Court should not overlook, although the Union conveniently forgets it, is that the parties agreed to be bound by the LCA – an agreement which specifically reflected the parties' <u>entire</u> agreement and merged <u>all</u> agreements, representations, and understandings among the parties as well as <u>superseded any conflicting provision or right under the parties' CBA</u>. SUMF at 20 (emphasis added).

> (1) Whether the Company had cause to *suspend* Williams and the other employees (Stipulated);
>
> (2) Whether the Company had cause to *terminate* Williams (Stipulated); and
>
> (3) Whether the *severity of the suspensions* were too harsh (Contested)[2].

Contrary to the Union's contention, the *severity of the termination of Williams* was not an issue before the arbitrator.

The record makes this point clear. At the arbitration, the parties stipulated that the first issue for the Arbitrator was whether the Company had cause to discipline (in this case, to suspend) Williams and the other employees in October and November of 2006. *See* SUMF at 29; Exhibit 3 at 90-93. The parties stipulated the second issue for the Arbitrator was whether the Company had cause to terminate Williams in March of 2007. *See* SUMF at 29; Exhibit 3 at 90-93. The third issue was contested. When the parties discussed how to frame the third issue, the Union stated, "and thirdly, whether the extent or the amount of discipline [again, in this case, the suspensions] administered or given to employees Leppert, Nelson and Williams in October and November of 2006 was appropriate under the circumstances of this case." *See* SUMF at 29; Exhibit 3 at 90-93. The Company, however, specifically rejected the Union's proposal. Instead, the Company insisted that the standard to be used was whether the Company had <u>cause</u> to discipline the employees. Counsel for the Company clearly stated, "… we're not willing to stipulate to that. We believe just cause is the standard to be applied." *See* SUMF at 29; Exhibit 3 at 90-93.

Thus, if the Union wanted the severity of Williams' discharge to be an issue decided at arbitration, it should have raised that issue as part of the stipulated issues at the hearing just as it

---

[2] This issue was proposed by the Union and contested by the Company. The Company took the position that the only issue to be decided by the Arbitrator concerning discipline was whether the Company had cause to issue the discipline.

did when it attempted to frame the third issue regarding the suspensions. Importantly, however, the Union made no such effort. The parties stipulated at the hearing that the issue with respect to Williams' termination (i.e. the second issue) was <u>only</u> whether the Company had <u>cause</u> to terminate – not whether the discharge was too severe a penalty. Therefore, the Union's main argument (i.e. that the Company stipulated that an issue to be decided by the Arbitrator was whether the severity of discipline with respect to Williams discharge was appropriate) is flat wrong, and indeed, extremely misleading. At no time did counsel for the Union even attempt to raise the severity of Williams' discharge as an issue.[3] *See* SUMF at 29; Exhibit 3 at 90-93. Thus, if any party waived an issue it was the Union by failing to argue at the hearing that it also took issue with the severity of the termination meted out to Williams for violating the LCA.

### 2. 'Just Cause' Under the CBA is Not the Appropriate Standard of Review for Williams' Discharge

The Union also argues that the standard of review for Williams' discharge was the "just cause" standard under the parties' Collective Bargaining Agreement ("CBA") in that the parties stipulated the second issue was "whether the Company had cause to terminate Williams …." and the word "cause" stems from the CBA not the LCA. That argument is absurd. If the parties intended to use the "just cause" standard under the CBA, the parties would have expressly stated so – just as they did when they framed the first issue – whether the Company had cause to discipline Williams and the other employees in October and November of 2006. Specifically,

---

[3]   The Union's repeated argument that the *content of the grievance* for Williams' discharge controls whether the severity of the discipline was an issue for determination by the Arbitrator is without merit. It is well-established that what controls with respect to the issues in arbitration is <u>what the parties stipulate to at the hearing</u>. *See Auto Workers Local 1078 v. Anaconda American Brass Co.*, 183 A.2d 623, 625 (Conn. 1962) (arbitrator's award vacated because the arbitrator did not confine his decision to a simple resolution of the question presented); *Madison Hotel v. Local 25*, 955 F.Supp. 1 (D.D.C. 1996) (arbitrator's award of rehiring exceeded his authority when the issue submitted to arbitration was whether labor contract had been violated); *DuPont v. Chemical Workers Local 900* (5th Cir. 1992) (arbitrator exceeded his authority by reinstating employees where the stipulated issue was, "Were the grievants discharged for just cause under the contract? If not, what is the appropriate remedy?," as the submission provides for remedy only if the employees were discharged without just cause and the arbitrator found that there was just cause for their discharge).

when framing the first issue, counsel for the Union stated, "…and I'll just mention cause is the word used in section 2.1 of the contract." *See* SUMF at 29; Exhibit 3 at 90-93.  Again, if the Union believed the just cause standard in the contract was to be the standard also used in the second issue (i..e. whether the Company had cause to terminate Williams), it should have expressly stated so.  Indeed, the likely reason it did not mention the CBA definition of "just cause" when discussing whether the Company had cause to terminate Williams is because it knew the LCA applied.

### 3. The Standard of Review is Whether The Arbitrator Exceeded His Powers – Not Whether the Company Waived an Argument

In its eleven-page response, the Union never analyzes this case under the proper standard, that the Arbitrator was "exceeding his powers" – it merely asserts, without <u>any</u> legal support, that the Company has waived certain arguments, and therefore, the Arbitrator's award must be confirmed.  As described above, the Union's argument is unsupported and grossly mischaracterizes the real issue in this case.  The issue in this case is whether the Arbitrator exceeded his powers - not whether the Company is estopped from making an argument.  Indeed, even if there were some merit to the Union's argument, which there is not, the argument does not change the analysis of this case or the unavoidable result.  The facts are clear and undisputed: The parties voluntarily entered into a LCA.  The Arbitrator found the LCA valid and enforceable.  The unambiguous language of the LCA calls for discharge if any its terms are violated and specifically prohibits an arbitrator from modifying that penalty.[4]  Despite Williams' violation, the Arbitrator ignored this specific prohibition and reinstated Williams.  Therefore, the Arbitrator exceeded his powers.  Despite the Union's attempt to muddy the waters and make this

---

[4] Despite the Union's arbitrability argument, it is clear that the Company was required to arbitrate the issue of whether Williams engaged in the conduct that lead to his discharge (i.e. whether the Company had cause to terminate under the LCA).  That was the sole issue for proceeding to arbitration with respect to Williams' discharge.

case about whether the Company waived certain arguments, the simple and straightforward facts reveal this is a classic case of an arbitrator exceeding his powers. Indeed, if ever an arbitrator's award should be vacated, the instant case should be the leading example.

To the extent the Union points out that Williams' suspension was a Hobson's Choice, that matter is also not an issue in this case. While the Union seemingly wants to re-litigate that issue, likely because of its ironic frustration in choosing the wrong option, that issue is not one for this Court to resolve. The facts remain unchanged. The Arbitrator found the LCA valid and enforceable but failed to abide by its clear terms. He, therefore, exceeded his powers.

### C. The Union Has Not Presented Any Genuine Issue of Material Fact

The Union's disagreement with the facts in Defendant's Statement of Material Facts is addressed, in turn, as follows:

1. Local Rule 56.1(b)(3)(C) provides that all material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party. Plaintiff has not specifically controverted paragraphs 6-18, 21-23, 26-28, 33, 34, 36-39. Plaintiff does not attack the accuracy of these paragraphs, it merely states they are unnecessary. Therefore, paragraphs 6-18, 21-23, 26-28, 33, 34, 36-39 are admitted.

2. The language contained in paragraphs 20 and 26 of Defendant's Statement of Uncontroverted Material Facts is taken verbatim from the parties' LCA and thus cannot be legal conclusions as the Union claims. SUMF at 20, 26. Paragraph 35 is specifically admitted to the extent the Union fails to specifically controvert this paragraph.

3. Although the Union tries to controvert paragraph 25, it is of no consequence whether it was the Union or Williams that grieved Williams' suspension and discharge. In fact, the Company will stipulate that it was the Union who grieved the matters. Because it makes no

difference in the ultimate analysis, paragraph 25 does not present a genuine issue of material fact.

WHEREFORE, Illinois American Water respectfully requests this Court grant Defendant's Motion for Summary Judgment, uphold Williams' discharge, and award any further relief the Court deems just and appropriate.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

/s/ Terry L. Potter
Terry L. Potter #3129064
720 Olive Street – Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 (facsimile)
Terry.Potter@huschblackwell.com

Counsel for Defendant Illinois-American Water Company

## CERTIFICATE OF SERVICE

The undersigned certifies on this 2nd day of July, 2008, a copy the foregoing was served upon the following individual via the Court's electronic case management system:

Charles Orlove
Jacobs, Burs, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603

/s/ Terry L. Potter