IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United Food and Commercial Workers Local 1546 | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 08 C 1411 |
| v. | )<br>) Suzanne B. Conlon, Judge |
| Illinois American Water Company | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

United Food and Commercial Workers Local 1546 ("United Food") bring suit to confirm an arbitration award in an arbitration between United Food and Illinois American Water Company ("Illinois American"). The parties cross-move for summary judgment. For the reasons set forth below, United Food's motion for summary judgment is granted and Illinois American's cross- motion is denied.

## BACKGROUND

United Food is a labor organization representing employees at Illinois American. Pl.Facts ¶ 1. Illinois American disciplined Glenn Williams, and others, for failing to renew water licenses issued by the Illinois Environmental Protection Agency. *Id.* at ¶ 4. Illinois American gave Williams the options of either signing a last chance agreement or being terminated. *Id.* at ¶ 5. Williams, along with a United Food representative, signed the agreement. Def.Facts ¶ 19. United Foods grieved the discipline as it pertained to Williams and the others. Pl.Facts ¶ 6.

The agreement contained a number of provisions that included requiring Williams to arrange a repayment schedule with Illinois American for the overpayment of wages within two

weeks of signing the agreement. Def.Facts ¶¶ 18, 21. Williams did not arrange a repayment schedule and was discharged. *Id.* at ¶¶ 22, 24. United Food grieved Williams' discharge. Pl.Facts ¶ 10.

The parties proceeded to arbitration. Def.Facts ¶ 29. After a hearing, the arbitrator found that the agreement did not permit the discharge of Williams for failure to comply with a provision because the validity of the provision was subject to a good faith, non-frivolous challenge. *Id.* at ¶¶ 30-33. The award instructed Illinois American to reinstate Williams and to make him whole for the compensation lost as a result of the discharge. Pl.Facts ¶ 18. Illinois American has not honored the award. *Id.* at ¶ 19. United Food applied to this court for an order to confirm the award.

## DISCUSSION

I.  **Legal Standards**

   A. **Summary Judgment**

On cross-motions for summary judgment, each movant must satisfy Fed. R. Civ. P. 56's requirements. *Cont'l Cas. Co. v. Northwestern Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 665 (7th Cir. 2007). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986);

*Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). Each movant has the burden of establishing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant satisfies this burden, the non-movant must set forth specific facts supported by admissible evidence that establish a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. Facts and inferences are construed in favor of the party against whom judgment is made. *In re United Air Lines, Inc.*, 453 F.3d 464, 468 (7th Cir. 2006) (quotations and citations omitted).

### B. Arbitration Review

An arbitration award is evaluated under a deferential standard of review. *Monee Nursery & Landscaping Co., v. Int'l Union of Operating Eng'rs, Local 150*, 348 F.3d 671, 675 (7th Cir. 2003). The issue is whether the arbitrator interpreted the contract at all, not whether the arbitrator erred, or even grossly erred, in interpreting the contract. *Bhd. of Locomotive Eng'rs v. Union Pac. R.R. Co.*, 522 F.3d 746, 757 (7th Cir. 2008) (quotations and citations omitted). An arbitration award may be overturned only if the arbitrator was not interpreting the agreement, but instead resolved the dispute according to private notions of justice. *Id.* (quotations and citations omitted). An arbitrator's decision will be enforced when he arguably acted within the scope of his authority. *Monee*, 348 F.3d at 675.

## II. Arbitrator's Authority

Illinois American argues the arbitrator exceeded his authority, as provided by the agreement, by ordering Williams' reinstatement. United Food argues the collective bargaining agreement governed the arbitration due to stipulations presented by Illinois American and United Food. Construing the facts and inferences in Illinois American's favor, the arbitrator acted

3

within his power in determining the award.

The relevant clause of the agreement states:

> Failure to comply with any of these conditions will result in immediate termination. . . . The Union and the Employee expressly waive any right to file a grievance or other claim regarding Employee's discharge under this Agreement, except to contest the fact of what occurred. If the conduct occurred, an Arbitrator will not have any authority to modify the discharge to a lesser penalty.

Def.Facts.Ex. 4 ¶ 2. The issue before the arbitrator was whether Illinois American had cause to terminate Williams. Def.Facts ¶ 29. The arbitrator construed the termination clause to require good faith challenges to be resolved before termination. The arbitrator stated, "the Last Chance Agreement does not permit the discharge of Williams for failure to comply with a provision of the Agreement while the validity of that provision is subject to a proper, good faith, non-frivolous challenge." Def.Facts ¶ 33. The agreement did not expressly contain provisions regarding the status of clauses during good-faith challenges. But the agreement provided, "disputes regarding the meaning of this Agreement will be resolved solely through the parties' collective bargaining agreement grievance-arbitration procedure." Def.FactsEx. 4 ¶ 6. The arbitrator interpreted the agreement applying principles of contract interpretation, as well as § 7 of the National Labor Relations Act. Def.FactsEx. 1 at 17-18.

Illinois American argues the language of the agreement is clear and unambiguous. However, interpretation of contract language, no matter how clear to others, is within the arbitrator's powers and only a decision to supersede or ignore language conceded by both parties to be binding allows the award to be vacated. *Int'l Union of Operating Eng'rs, Local 139 v. J.H. Findorff & Son, Inc.*, 393 F.3d 742, 745 (7th. Cir. 2004). United Food does not concede the

4

agreement is clear and unambiguous. Pl.Resp. at 7. The undisputed facts show the arbitrator interpreted the contract and acted within the scope of his authority in determining whether Williams' actions constituted a violation of the agreement. Illinois American has failed to show that the arbitrator acted beyond the scope of his powers.

## IV.  CONCLUSION

For the reasons set forth above, Illinois American's motion for summary judgment is denied and United Food's cross-motion is granted. The arbitration award is confirmed.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 24, 2008