UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF | ) |
| | ) |
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 | ) CASE No. 08 C 1411 <br> ) <br> ) Judge Conlon |
| Plaintiff, | ) Magistrate Judge Valdez |
| | ) |
| v. | ) |
| | ) |
| ILLINOIS AMERICAN WATER COMPANY | ) <br> ) |
| Defendant. | ) |

## NOTICE OF APPEAL

Notice is hereby given that Defendant Illinois-American Water Company in the above-named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final Judgment (Document 29) denying Defendant's Cross-Motion for Summary Judgment on its Application to Vacate an Arbitrator's Award (Document 18) and the corresponding Memorandum Opinion and Order (Document 28) entered in this action on July 24, 2008.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

/s/ Terry L. Potter
Terry L. Potter #3129064
720 Olive Street – Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 (facsimile)
Terry.Potter@huschblackwell.com

Counsel for Defendant Illinois-American Water Company

## CERTIFICATE OF SERVICE

The undersigned certifies on this 20th day of August, 2008, a copy the foregoing was served upon the following individual via the Court's electronic case management system:

Charles Orlove
Jacobs, Burs, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603


/s/ Terry L. Potter

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08 cv 1411

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| United Food Local 1546/appellee | | Il. American Water Co/appellant |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Charles Orlove | Name | Terry Potter |
| Firm | Jacobs,Burns,Orlove,Stanton & Hernandez | Firm | Husch Blackwell Sanders |
| Address | 122 S. Michigan Suite 1720 Chgo.Il. 60603-2002 | Address | 720 Olive Street Suite 2400 St. Louis ,Mo 63101 |
| Phone | 312)372-1646 | Phone | 314)345-6000 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Conlon | Date Filed in District Court | 3/10/08 |
| Court Reporter | B. Wilson   X-5771 | Date of Judgment | 6/5/08, 7/24/08 |
| Nature of Suit Code | 890 | Date of Notice of Appeal | 8/20/08 |

COUNSEL:   Appointed [ ]   Retained [X]   Pro Se [ ]

FEE STATUS:   Paid [X]   Due [ ]   IFP [ ]

IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF<br><br>UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ILLINOIS AMERICAN WATER COMPANY<br><br>　　　　　　Defendant. | CASE No. 08 C 1411<br><br>Judge Conlon<br>Magistrate Judge Valdez |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, Illinois-American Water Company ("Illinois American Water Company"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56, hereby moves for summary judgment on its Motion to Vacate an Arbitrator's Award. The Arbitrator in this case ignored the plain language of the parties' Collective Bargaining Agreement and Last Chance Agreement, and dispensed his own brand of industrial justice by issuing an award that failed to draw its essence from the Last Chance Agreement. As such, the arbitrator exceeded his powers and so imperfectly executed them, that a mutual, final, and definite award upon the subject matter submitted was not made. No genuine issue of material fact exists and, therefore, Illinois American Water is entitled to the requested judgment as a matter of law. The grounds and authorities in support of this Motion are set forth fully in the accompanying Memorandum in Support of Motion for Summary Judgment, along with the Statement of Uncontroverted Material Facts.

STLD01-1420888-1

WHEREFORE, Illinois American Water respectfully requests that the Court grant its Motion, enter judgment in its favor vacating the February 21, 2008 award of Arbitrator Martin H. Malin, and award any further relief the Court deems just and appropriate.

Respectfully submitted,

HUSCH BLACKWELL SANDERS LLP

/s/ Terry L. Potter
Terry L. Potter #3129064
720 Olive Street – Suite 2400
St. Louis, Missouri 63101
(314) 345-6000
(314) 345-6060 (facsimile)
Terry.Potter@huschblackwell.com

Counsel for Defendant Illinois-American Water Company

## CERTIFICATE OF SERVICE

The undersigned certifies on this 5th day of June, 2008, a copy the foregoing was served upon the following individual via the Court's electronic case management system:

Charles Orlove
Jacobs, Burs, Orlove, Stanton and Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, Illinois 60603

/s/ Terry L. Potter

Case 1:08-cv-01411   Document 32   Filed 08/21/2008   Page 6 of 15
AO 450(Rev. 5/85) Judgment in a Civil Case
Case 1:08-cv-01411   Document 29   Filed 07/24/2008   Page 1 of 1

# United States District Court
## Northern District of Illinois
### Eastern Division

UNITED FOOD AND COMMERCIAL            **JUDGMENT IN A CIVIL CASE**
WORKERS LOCAL 1546

v.                                    Case Number: 08 C 1411

ILLINOIS AMERICAN WATER
COMPANY

☐   Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■   Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered for plaintiff United Food and Commercial Workers Local 1546 and against defendant Illinois American Water Company. The arbitration award is confirmed.

Michael W. Dobbins, Clerk of Court

Date: 7/24/2008                       /s/ Willia Harmon, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United Food and Commercial Workers Local 1546 | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 08 C 1411 |
| v. | ) ) | Suzanne B. Conlon, Judge |
| Illinois American Water Company | ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

United Food and Commercial Workers Local 1546 ("United Food") bring suit to confirm an arbitration award in an arbitration between United Food and Illinois American Water Company ("Illinois American"). The parties cross-move for summary judgment. For the reasons set forth below, United Food's motion for summary judgment is granted and Illinois American's cross- motion is denied.

### BACKGROUND

United Food is a labor organization representing employees at Illinois American. Pl.Facts ¶ 1. Illinois American disciplined Glenn Williams, and others, for failing to renew water licenses issued by the Illinois Environmental Protection Agency. *Id.* at ¶ 4. Illinois American gave Williams the options of either signing a last chance agreement or being terminated. *Id.* at ¶ 5. Williams, along with a United Food representative, signed the agreement. Def.Facts ¶ 19. United Foods grieved the discipline as it pertained to Williams and the others. Pl.Facts ¶ 6.

The agreement contained a number of provisions that included requiring Williams to arrange a repayment schedule with Illinois American for the overpayment of wages within two

weeks of signing the agreement. Def.Facts ¶¶ 18, 21. Williams did not arrange a repayment schedule and was discharged. *Id.* at ¶¶ 22, 24. United Food grieved Williams' discharge. Pl.Facts ¶ 10.

The parties proceeded to arbitration. Def.Facts ¶ 29. After a hearing, the arbitrator found that the agreement did not permit the discharge of Williams for failure to comply with a provision because the validity of the provision was subject to a good faith, non-frivolous challenge. *Id.* at ¶¶ 30-33. The award instructed Illinois American to reinstate Williams and to make him whole for the compensation lost as a result of the discharge. Pl.Facts ¶ 18. Illinois American has not honored the award. *Id.* at ¶ 19. United Food applied to this court for an order to confirm the award.

## DISCUSSION

### I.   Legal Standards

#### A. Summary Judgment

On cross-motions for summary judgment, each movant must satisfy Fed. R. Civ. P. 56's requirements. *Cont'l Cas. Co. v. Northwestern Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 665 (7th Cir. 2007). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986);

*Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). Each movant has the burden of establishing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a movant satisfies this burden, the non-movant must set forth specific facts supported by admissible evidence that establish a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. Facts and inferences are construed in favor of the party against whom judgment is made. *In re United Air Lines, Inc.*, 453 F.3d 464, 468 (7th Cir. 2006) (quotations and citations omitted).

### B. Arbitration Review

An arbitration award is evaluated under a deferential standard of review. *Monee Nursery & Landscaping Co., v. Int'l Union of Operating Eng'rs, Local 150*, 348 F.3d 671, 675 (7th Cir. 2003). The issue is whether the arbitrator interpreted the contract at all, not whether the arbitrator erred, or even grossly erred, in interpreting the contract. *Bhd. of Locomotive Eng'rs v. Union Pac. R.R. Co.*, 522 F.3d 746, 757 (7th Cir. 2008) (quotations and citations omitted). An arbitration award may be overturned only if the arbitrator was not interpreting the agreement, but instead resolved the dispute according to private notions of justice. *Id.* (quotations and citations omitted). An arbitrator's decision will be enforced when he arguably acted within the scope of his authority. *Monee*, 348 F.3d at 675.

## II. Arbitrator's Authority

Illinois American argues the arbitrator exceeded his authority, as provided by the agreement, by ordering Williams' reinstatement. United Food argues the collective bargaining agreement governed the arbitration due to stipulations presented by Illinois American and United Food. Construing the facts and inferences in Illinois American's favor, the arbitrator acted

within his power in determining the award.

The relevant clause of the agreement states:

> Failure to comply with any of these conditions will result in immediate termination. . . . The Union and the Employee expressly waive any right to file a grievance or other claim regarding Employee's discharge under this Agreement, except to contest the fact of what occurred. If the conduct occurred, an Arbitrator will not have any authority to modify the discharge to a lesser penalty.

Def.Facts.Ex. 4 ¶ 2. The issue before the arbitrator was whether Illinois American had cause to terminate Williams. Def.Facts ¶ 29. The arbitrator construed the termination clause to require good faith challenges to be resolved before termination. The arbitrator stated, "the Last Chance Agreement does not permit the discharge of Williams for failure to comply with a provision of the Agreement while the validity of that provision is subject to a proper, good faith, non-frivolous challenge." Def.Facts ¶ 33. The agreement did not expressly contain provisions regarding the status of clauses during good-faith challenges. But the agreement provided, "disputes regarding the meaning of this Agreement will be resolved solely through the parties' collective bargaining agreement grievance-arbitration procedure." Def.FactsEx. 4 ¶ 6. The arbitrator interpreted the agreement applying principles of contract interpretation, as well as § 7 of the National Labor Relations Act. Def.FactsEx. 1 at 17-18.

Illinois American argues the language of the agreement is clear and unambiguous. However, interpretation of contract language, no matter how clear to others, is within the arbitrator's powers and only a decision to supersede or ignore language conceded by both parties to be binding allows the award to be vacated. *Int'l Union of Operating Eng'rs, Local 139 v. J.H. Findorff & Son, Inc.*, 393 F.3d 742, 745 (7th. Cir. 2004). United Food does not concede the

4

agreement is clear and unambiguous. Pl.Resp. at 7. The undisputed facts show the arbitrator interpreted the contract and acted within the scope of his authority in determining whether Williams' actions constituted a violation of the agreement. Illinois American has failed to show that the arbitrator acted beyond the scope of his powers.

## IV.   CONCLUSION

For the reasons set forth above, Illinois American's motion for summary judgment is denied and United Food's cross-motion is granted. The arbitration award is confirmed.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 24, 2008

APPEAL

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-01411
### Internal Use Only

| | |
|---|---|
| United Food and Commercial Workers Local 1546 Health & Welfare Fund v. Illinois American Water Company<br>Assigned to: Honorable Suzanne B. Conlon<br>Cause: Civil Miscellaneous Case | Date Filed: 03/10/2008<br>Date Terminated: 07/24/2008<br>Jury Demand: None<br>Nature of Suit: 890 Other Statutory Actions<br>Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **United Food and Commercial Workers Local 1546** | represented by | **Charles Orlove**<br>Jacobs, Burns, Orlove, Stanton & Hernandez<br>122 South Michigan Avenue<br>Suite 1720<br>Chicago, IL 60603-2002<br>(312) 372-1646<br>Email: corlove@jbosh.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Illinois American Water Company** | represented by | **Terry L. Potter**<br>Husch Blackwell Sanders LLP<br>720 Olive Street<br>Suite 2400<br>St. Louis, MO 63101<br>(314) 345-6000<br>Email: terry.potter@huschblackwell.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/10/2008 | 1 | APPLICATION by United Food and Commercial Workers Local 1546 Health & Welfare Fund to confirm an arbitrator's award: (Attachments: #(1) Arbitrator's Opinion & Award, #(2) Arbitration transcript). Filing fee $39.00. (ar, ) (Entered: 03/11/2008) |

| | | |
|---|---|---|
| 03/10/2008 | 2 | CIVIL Cover Sheet. (ar, ) (Entered: 03/11/2008) |
| 03/10/2008 | 3 | ATTORNEY Appearance for Plaintiff United Food and Commercial Workers Local 1546 Health & Welfare Fund by Charles Orlove. (ar, ) (Entered: 03/11/2008) |
| 03/10/2008 | 4 | (Court only) RECEIPT regarding payment of filing fee paid on 3/10/2008 in the amount of $39.00, receipt number 2600754. (ar, ) (Entered: 03/11/2008) |
| 03/13/2008 | 5 | NOTICE of Motion by Charles Orlove before Honorable Suzanne B. Conlon on 3/20/2008 at 09:00 AM and then and there move for the entry of an order to confirm and enforce the arbitrator's award 1 . (Orlove, Charles). (Text edited by Clerk's Office). Modified on 3/18/2008 (ar, ). (Entered: 03/13/2008) |
| 03/17/2008 | 6 | ATTORNEY Appearance for Defendant Illinois American Water Company by Terry L. Potter (Potter, Terry) (Entered: 03/17/2008) |
| 03/17/2008 | 7 | MOTION by Defendant Illinois American Water Company to reset Hearing *and Request for Briefing Schedule* (Potter, Terry) (Entered: 03/17/2008) |
| 03/17/2008 | 8 | MINUTE entry before Judge Honorable Suzanne B. Conlon: Status hearing set on 04/15/08 at 9:00 AM. At the status hearing, the parties are to report on the following: 1. Possibility of settlement in the case; 2. If no possibility of settlement exists, the nature and length of discovery necessary to get the case ready for trial. Plaintiff is directed to advise all other parties of the court's action herein and to forward a copy of the court's procedure guidelines to defendant(s). The standing order on case management procedures is available on the court's website at www.ilnd.uscourts.gov/JUDGE/CONLON/sbcpage.htm or can be picked up from the courtroom deputy in room 1744. (ar, ) (Entered: 03/20/2008) |
| 03/20/2008 | 9 | MINUTE entry before Judge Honorable Suzanne B. Conlon:Defendant's motion 7 to reset a "hearing on March 20, 2008" is moot. No hearing has been set by this court on March 20, 2008. See order of March 17, 2008 setting status hearing on April 15, 2008. Notices mailed by Judicial staff. (wyh, ) (Entered: 03/25/2008) |
| 03/28/2008 | 10 | Answer to Plaintiff's Application to Confirm an Arbitrator's Award by Illinois American Water Company (Potter, Terry) (Entered: 03/28/2008) |
| 03/28/2008 | 11 | Counterclaim to Vacate the Arbitration Award by Illinois American Water Company (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Potter, Terry) (Entered: 03/28/2008) |
| 04/09/2008 | 12 | MOTION by Plaintiff United Food and Commercial Workers Local 1546 to strike other 11 , other 10 *Defendant's Answer and Counterclaim* (Attachments: # 1 Exhibit Exhibit 1 A, part 1 - Transcript, # 2 Exhibit Exhibit 1 A, part 2, # 3 Exhibit Exhibit 1 A, part 3, # 4 Exhibit Exhibit 1 A, part 4 - Transcript, # 5 Exhibit Exhibit 1 A, part 5 - Transcript, # 6 Exhibit Exhibit 1 A, part 6 - Transcript, # 7 Exhibit Exhibit 1 B - Demand for Arbitration, # 8 Errata Exhibit 1 C - Disciplinary Suspension- Last Chance Agreement, # 9 Exhibit Exhibit 1 D - Union's third step Notice, # 10 Exhibit Exhibit 1 E - Letter of Termination - Williams, # 11 Errata Exhibit 1 F - Grievance over Williams Discharge, # 12 |

| | | |
|---|---|---|
| | | Exhibit Exhibit 1 G - Grievance over Williams' Discipline, # 13 Exhibit Exhibit 1 H - Company answer to Grievance over Williams' Discipline, # 14 Exhibit Exhibit 1 I - Company answer to Grievant's third step (redacted), # 15 Exhibit Exhibit 1 J - Company answer to Grievance third step (not redacted))(Orlove, Charles) (Entered: 04/09/2008) |
| 04/14/2008 | 13 | MINUTE entry before Judge Honorable Suzanne B. Conlon: Plaintiff's motion to strike defendant's answer and counterclaim is taken under advisement 12 . Defendant shall respond by 04/22/08. (ar, ) (Entered: 04/14/2008) |
| 04/15/2008 | 14 | MINUTE entry before Judge Honorable Suzanne B. Conlon: Status hearing held. Dispositive motions are due by 05/16/08. Responses shall be filed by 06/05/08 and any replies are due by 06/12/08. (ar, ) (Entered: 04/17/2008) |
| 04/22/2008 | 15 | RESPONSE by Defendant Illinois American Water Company in opposition to Plaintiff's motion 12 to strike answer and counterlaim and supporting points and authorities. (Potter, Terry). (Text edited by Clerk's Office). Modified on 4/23/2008 (ar, ). (Entered: 04/22/2008) |
| 04/22/2008 | 16 | MOTION by Defendant Illinois American Water Company to withdraw *its Answer and Counterclaim and File a Cross Application to Vacate* (Attachments: # 1 Exhibit 1)(Potter, Terry) (Entered: 04/22/2008) |
| 05/19/2008 | 17 | MINUTE entry before the Honorable Suzanne B. Conlon:Defendant's motion to withdraw its answer and counterclaim and for leave to file a cross application to vacate 16 is granted. Defendant's answer 10 and counterclaim 11 are withdrawn. Plaintiff's motion to strike defendant's answer and counterclaim 12 is moot. On the court's own motion, the deadline for filing dispositive motions is extended to 6/5/08. Responses shall be filed by 6/25/08 and any replies are due by 7/2/08. Notices mailed by Judicial staff. (wyh, ) (Entered: 05/19/2008) |
| 06/05/2008 | 18 | MOTION by Defendant Illinois American Water Company for summary judgment (Potter, Terry) (Entered: 06/05/2008) |
| 06/05/2008 | 19 | MEMORANDUM *in Support of Defendant's Motion for Summary Judgment* (Attachments: # 1 Statement of Uncontroverted Material Facts, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 3a, # 6 Exhibit 3b, # 7 Exhibit 4)(Potter, Terry) (Entered: 06/05/2008) |
| 06/06/2008 | 20 | MOTION by Plaintiff United Food and Commercial Workers Local 1546 for summary judgment (Orlove, Charles) (Entered: 06/06/2008) |
| 06/06/2008 | 21 | RULE 56 Statement by United Food and Commercial Workers Local 1546 regarding motion for summary judgment 20 (Orlove, Charles) (Entered: 06/06/2008) |
| 06/06/2008 | 22 | MEMORANDUM by United Food and Commercial Workers Local 1546 in support of motion for summary judgment 20 (Orlove, Charles) (Entered: 06/06/2008) |
| 06/25/2008 | 23 | RESPONSE by Plaintiff United Food and Commercial Workers Local 1546 to memorandum in support of motion, 19 *and Statement of Uncontroverted Material Facts* (Orlove, Charles) (Entered: 06/25/2008) |
| | | |

| | | |
|---|---|---|
| 06/25/2008 | 24 | RESPONSE by Illinois American Water Companyin Opposition to MOTION by Plaintiff United Food and Commercial Workers Local 1546 for summary judgment 20 (Potter, Terry) (Entered: 06/25/2008) |
| 07/02/2008 | 25 | REPLY by Plaintiff United Food and Commercial Workers Local 1546 to response in opposition to motion 24 *for Summary Judgment* (Orlove, Charles) (Entered: 07/02/2008) |
| 07/02/2008 | 26 | REPLY by Illinois American Water Company to MOTION by Defendant Illinois American Water Company for summary judgment 18 , Response 23 (Potter, Terry) (Entered: 07/02/2008) |
| 07/24/2008 | 27 | MINUTE entry before the Honorable Suzanne B. Conlon:Plaintiff's motion for summary judgment 20 is granted and defendant's cross-motion 18 is denied. Summary judgment is entered for plaintiff United Food and Commercial Workers Local 1546 and against defendant Illinois American Water Company. The arbitration award is confirmed. ENTER MEMORANDUM OPINION AND ORDER. Notices mailed by Judicial staff. (wyh, ) (Entered: 07/24/2008) |
| 07/24/2008 | 28 | MEMORANDUM Opinion and Order signed by the Honorable Suzanne B. Conlon on 7/24/2008:Notices mailed by Judicial staff. (wyh, ) Modified on 7/24/2008 (ar, ). (Entered: 07/24/2008) |
| 07/24/2008 | 29 | ENTERED JUDGMENT signed by the Honorable Suzanne B. Conlon on 7/24/2008: Case Terminated. Notices mailed by Judicial staff. (wyh, ) (Entered: 07/24/2008) |
| 08/20/2008 | 30 | NOTICE of appeal by Illinois American Water Company regarding orders 29 , 18 , 28 Filing fee $ 455, receipt number 07520000000003037327. (Potter, Terry) (Entered: 08/20/2008) |
| 08/21/2008 | 31 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 08/21/2008) |